IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHH MORTGAGE CORPORATION,

Plaintiff,

v.

JOSEPH SCOTT STUBER, et al.,

Defendants.

Case No. 23-CV-1123-DDC-TJJ

## <u>NOTICE AND ORDER TO SHOW CAUSE</u>

**To Plaintiff PHH Mortgage Corporation:**

On June 20, 2023, Plaintiff PHH Mortgage Corporation filed a Complaint for Mortgage Foreclosure (ECF No. 1) ("Complaint") asserting this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and naming the following defendants:

1. Joseph Scott Stuber aka Scott Stuber aka Joseph S. Stuber aka J.S. Stuber aka J. Scott Stuber;

2. John Doe;

3. Jane Doe;

4. Chisholm Creek Condominium Homeowners Association;

5. Esther Kay Manns;

6. the Unknown heirs, executors, administrators, devisees, trustees, creditors, and assigns of any deceased defendants;

7. the unknown spouses of any defendants;

8. the unknown executors, administrators, devisees, trustees, creditors, successors and assigns of any defendants that are or were partners or in partnership; and

9.  the unknown guardians, conservators and trustees of any defendants that are
    minors or are under any legal disability and all other person who are or may be
    concerned.

The Court notes that Plaintiff previously filed its mortgage foreclosure case against many of these same defendants, in the case styled *PHH Mortgage Corp. v. Joseph Scott Stuber*, et al., Case No. 22-1075-JWB-KGG. A show cause order was entered in that case on March 28, 2022, finding plaintiff's complaint inadequate to show diversity jurisdiction based upon the lack of allegations showing citizenship of any of the named parties. That case was dismissed without prejudice on September 30, 2022 for lack of subject matter jurisdiction.[1]

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.[2]  A federal court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,[3] and must dismiss the action at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.[4] Because the jurisdiction of federal courts is limited, "there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden

---

[1] *PHH Mortg. Corp. v. Stuber*, No. 22-1075-JWB, 2022 WL 4597852, at *3 (D. Kan. Sept. 30, 2022).

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). *See also Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject-matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.").

[3] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

[4] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

of proof."[5] There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[6]

For diversity jurisdiction purposes, "a natural person is deemed a citizen of the state in which he or she is domiciled."[7] A person's residence is not the equivalent of his or her domicile and it is a person's domicile that is relevant for determining citizenship.[8] For a business entity, its citizenship is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located.[9] An unincorporated association is a citizen of each state in which one of its members is a citizen.[10] Federal Rule of Civil Procedure 7.1(a)(2) also requires a party in a diversity case to file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party.[11]

---

[5] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[6] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[7] *Mid-Century Ins. Co. v. Johnson*, No. 13-2191-RDR, 2013 WL 3013620, at *2 (D. Kan. June 14, 2013) (citing *Smith v. Cummings*, 445 F.3d 1254, 1260–61 (10th Cir. 2006)).

[8] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n. 14 (10th Cir. 1972)).

[9] *See* 28 U.S.C. § 1332(c)(1) (a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[10] *Siloam Springs Hotel,* 781 F.3d at 1238.

[11] Fed. R. Civ. P. 7.1(a)(2) and advisory committee's note to 2022 amendment.

A review of the Complaint reveals that Plaintiff has not alleged sufficient facts for the Court to determine whether diversity of citizenship exists, as required by 28 U.S.C. § 1332. In paragraph 2, Plaintiff alleges it is a New Jersey Corporation, but does not indicate the state where its principal place of business is located.  Plaintiff's corporate disclosure statement (ECF No. 3) likewise fails to indicate the state where its principal place of business is located.

With respect to the named Defendants, Plaintiff's Complaint fails to identify the citizenship of any of the parties, merely providing Kansas addresses where Defendants Joseph Scott Stuber, John Doe, Jane Doe, Chisholm Creek Condominium Homeowners Association, and Esther Kay Manns may be served. An individual's principal mailing address is not the equivalent of his or her citizenship.[12] No allegations are made to show the nature of the homeowners association or its citizenship.

The Complaint also makes no allegations regarding the citizenship of the four sets of unknown defendants or whether these defendants should be treated as nominal parties. Plaintiff has not established that the unknown defendants are nominal parties and has provided no other reason for the Court to believe their presence does not destroy diversity jurisdiction.[13]

---

[12] *Association Ins. Co. v. McSwain Metal Fabrication, Inc.*, No. 17-CV-01550-MSK-MJW, 2017 WL 6048459, at *2 (D. Colo. Dec. 7, 2017) (citing *Siloam Springs Hotel*, 781 F.3d at 1239).

[13] *See Becker v. Angle*, 165 F.2d 140, 142 (10th Cir. 1947) ("If the unanswering and unknown defendants were merely nominal defendants against whom no relief was sought, failure to show their residence or citizenship would not deprive the court of jurisdiction, because in determining the question of diversity we look to the citizenship of the real parties in interest- not nominal parties with no real interest in the controversy.").

Because the allegations are presently insufficient to allow the Court to determine the citizenship of the parties, the Court cannot determine if it has jurisdiction.

**IT IS THEREFORE ORDERED** that **on or before <u>August 25, 2023</u>,** Plaintiff PHH Mortgage Corporation shall either file an amended complaint that alleges the citizenship of all parties, or file a response to this order showing good cause in writing to the Honorable Daniel D. Crabtree, U.S. District Judge, why this action should not be dismissed for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated August 4, 2023, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge