IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PHH MORTGAGE CORPORATION,**

        Plaintiff,

v.

**JOSEPH SCOTT STUBER, et al.,**

        Defendants.

Case No. 23-1123-DDC-TJJ

**MEMORANDUM AND ORDER**

This case is before the court on plaintiff's "Motion to Deny Defendant Joseph Stuber's Motion to Dismiss as Moot, or Alternatively for Additional Time to Respond to Motion to Dismiss" (Doc. 12). As explained below, the court denies the motion in part and grants the motion in part.

Plaintiff filed this lawsuit on June 20, 2023, and invoked the court's diversity jurisdiction. Doc. 1 at 4. Plaintiff, as the party invoking federal jurisdiction, bears the burden of showing subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). But, as United States Magistrate Judge Teresa J. James explained in her Notice and Order to Show Cause (Doc. 11), plaintiff's Complaint fails to allege diversity jurisdiction properly. So, Judge James ordered plaintiff to file an amended complaint or, alternatively, a response showing good cause why the court should not dismiss this action for lack of subject matter jurisdiction by August 25, 2023. Doc. 11 at 5.

Meanwhile, defendant Joseph Scott Stuber has filed a pending Motion to Dismiss (Doc. 5). After one extension of time, plaintiff had until August 7, 2023, to respond to the motion. *See* Doc. 9. On August 7, 2023, plaintiff filed a "Motion to Deny Defendant Joseph Stuber's Motion

to Dismiss as Moot, or Alternatively for Additional Time to Respond to Motion to Dismiss" (Doc. 12).  Plaintiff asserts that, "[a]t this time, it appears most likely that [plaintiff] will simply file an amended complaint in response to" the Show Cause Order.  Doc. 12 at 2.  Plaintiff asks the court to deny defendant Stuber's Motion to Dismiss because an amended complaint—which plaintiff hasn't filed yet—would render the Motion to Dismiss moot.  *Id.*  Plaintiff also expresses concern for judicial efficiency.  *Id.* at 3.  Plaintiff argues the court should deny the Motion to Dismiss without prejudice "[r]ather than force the wasting of time, effort and funds in fighting a moot battle."  *Id.*  Alternatively, plaintiff asks the court to delay the due date for its Motion to Dismiss response until after August 25, 2023.  *Id.*

The court denies plaintiff's request to deny the Motion to Dismiss as moot.  The court understands that an amended complaint would render defendant Stuber's Motion to Dismiss moot.  But plaintiff hasn't filed an amended complaint.  Nor does Judge James's Show Cause Order require plaintiff to file an amended complaint.  The court appreciates plaintiff's concern for efficiency, but it's misaimed.  The court cannot deny a motion as moot based on something plaintiff predicts it'll do.

The court grants plaintiff's alternative request for an extension of time to respond to defendant Stuber's Motion to Dismiss.  But the court notes that plaintiff has not followed our local rules for seeking an extension of time.  D. Kan. Rule 6.1(a) requires the moving party to file motions for extensions of time "as soon as practicable and in no event less than 3 days before the specified time."  And D. Kan. Rule 6.1(a)(1) requires a motion for an extension of time show "whether there has been prior consultation with other parties and the views of other parties[.]"  Here, plaintiff filed its motion for an extension on August 7, 2023—the day its response was due.  Plaintiff thus failed to comply with our court's three-day rule.  Plaintiff's motion also fails to

2

explain whether plaintiff consulted with other parties before asking for an extension.  *See generally* Doc. 12.

Though plaintiff filed a late, deficient motion, the court provides some of the relief it seeks.  By this Order, the court extends plaintiff's deadline to respond to defendant Stuber's Motion to Dismiss (Doc. 5) until August 29, 2023.  Our Circuit instructs district courts to "liberally construe[]" Rule 6(b)(1) "to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).  Fed. R. Civ. P. 1 also directs the court to apply Rule 6, like all the Federal Rules of Civil Procedure, "to secure the just, speedy, and inexpensive determination of every action and proceeding."

Plaintiff asserts that the Show Cause Order qualifies as good cause for the requested extension.  Doc. 12 at 4.  The court interprets plaintiff's motion to mean that the Show Cause Order required counsel's time and attention.[1]  The court can't decide the Motion to Dismiss on its merits until plaintiff has shown that the court has subject-matter jurisdiction over this action.  The court thus concludes that good cause exists for extending plaintiff's time to respond.  Based on its knowledge of the case, the court does not believe that this extension will prejudice the other parties.  And the court is hopeful that counsel will not disregard our local rules again.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Motion to Deny Defendant Joseph Stuber's Motion to Dismiss as Moot, or Alternatively for Additional Time to Respond to Motion to Dismiss" (Doc. 12) is denied in part and granted in part.

---

[1]  The court also could interpret plaintiff's motion to blame the Show Cause Order for plaintiff's failure to file a timely response.  Doc. 12 at 4 ("Had the Court's August 4 order not been entered, PHH would have finalized and filed its response to Stuber's motion to dismiss before the deadline.").  The court declines to entertain that theory.  Plaintiff's own failure to plead diversity jurisdiction properly caused any delay or inefficiency produced by the Show Cause Order.  *See Kokkonen*, 511 U.S. at 377 (explaining that plaintiff bears the burden to allege diversity jurisdiction party); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff has until August 29, 2023, to respond to the pending Motion to Dismiss (Doc. 5).

**IT IS SO ORDERED.**

**Dated this 10th day of August, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
