IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHH MORTGAGE CORPORATION,

Plaintiff,

v.

JOSEPH SCOTT STUBER, et al.,

Defendant.

Case No. 23-1123-DDC-TJJ

## MEMORANDUM AND ORDER

For a federal court to have diversity jurisdiction over a case, the case's amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  Plaintiff PHH Mortgage Corporation invokes the court's diversity jurisdiction in this mortgage foreclosure action, seeking to recover an in rem judgment against pro se[1] defendant Joseph Stuber and other defendants.  Defendant Stuber has filed a Motion to Dismiss (Doc. 18), arguing this court lacks diversity jurisdiction over this case because the principal due on the mortgage is $59,981.21.  So, he argues, this case's amount in controversy doesn't exceed the $75,000 threshold.  But the court can consider more than the principal when determining the amount in controversy.  So, as explained below, the court denies defendant Stuber's Motion to Dismiss.

I.        Background

This is a mortgage foreclosure action.  *See generally* Doc. 15 (1st Am. Compl.).  In 2009, defendant Stuber signed a note in exchange for $70,207.00, promising to repay the principal

---

[1] Because defendant Stuber appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers."  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court can't assume the role of his advocate.  *Id.*

amount together with interest.  *Id.* at 4 (1st Am. Compl. ¶ 10).  Defendant Stuber also executed a

mortgage to secure repayment of the note.  *Id.* (1st Am. Compl. ¶ 11).  Following some

assignments and a merger, plaintiff currently holds both the note and mortgage, with the right to

foreclose.  *Id.* at 4–5 (1st Am. Compl. ¶¶ 12–14).  Defendant Stuber hasn't paid the note and now

is in default.  *Id.* at 5 (1st Am. Compl. ¶ 16).

Plaintiff alleges the following amounts currently due:

| Principal | $59,981.21 |
|---|---|
| Interest | $18,144.06 |
| Escrow overdraft | $806.39 |
| Contractual late charges | $127.57 |
| Recoverable balances (administrative costs recoverable under note and mortgage terms) | $12,173.26 |
| Recording fee | $20.00 |
| **Total** | **$91,252.49** |

*Id.* at 6 (1st Am. Compl. ¶ 20).  Plaintiff also asserts that the note and mortgage's terms entitle it

to recover its attorney's fees incurred in enforcement actions.  *Id.*  Plaintiff has incurred more

than $10,000 in attorney's fees to date.  *Id.*

Defendant Stuber seeks dismissal because the loan's $59,981.21 principal balance sits

well below the $75,000 threshold for diversity jurisdiction.  And defendant Stuber argues that the

rest of those numbers don't count toward the $75,000 because the language of § 1332 provides

the court with jurisdiction "where the matter in controversy exceeds . . . $75,000, *exclusive of*

*interest and costs*[.]"  28 U.S.C. § 1332(a) (emphasis added).  The court addresses defendant

Stuber's arguments below, starting with the governing legal standard.

## II.        Legal Standard

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. §§ 1331–32. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff invokes the court's subject matter jurisdiction under the federal diversity statute. Under this provision, 28 U.S.C. § 1332, federal jurisdiction is proper when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." Plaintiff's First Amended Complaint adequately alleges diversity of citizenship. But, defendant Stuber argues, the amount in controversy falls short. The court thus considers defendant Stuber's Motion to Dismiss one asserted under Fed. R. Civ. P. 12(b)(1), the provision that allows a party to move for dismissal based on a lack of subject matter jurisdiction.

"Rule 12(b)(1) motions generally take one of two forms." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may attack the complaint's subject matter jurisdiction on its face. *Id.* (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). When reviewing a facial attack, the court "must accept the allegations in the complaint as true." *Id.* Alternatively, a party may "challenge the facts upon which subject matter jurisdiction is based." *Id.* Defendant Stuber chose the first form of attack, challenging the First

Amended Complaint's use of interest and attorney's fees when calculating the amount in controversy.  Doc. 18 at 3.

## III.        Analysis

Defendant Stuber argues that the court lacks subject matter jurisdiction over this action because plaintiff has failed to allege the $75,000 amount in controversy necessary for diversity jurisdiction.  "The amount in controversy is not proof of the amount the plaintiff will recover." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).  Instead, the amount in controversy "is an estimate of the amount that will be put at issue in the course of litigation."  *Id.*

Here, the court's amount in controversy analysis starts and ends with attorney's fees. Defendant Stuber argues the court may not include attorney's fees to determine the amount in controversy in diversity jurisdiction actions.  This argument finds its roots in the plain language of the diversity jurisdiction statute.  The governing statute requires the amount in controversy to "exceed[] . . . $75,000, exclusive of interest and costs[.]"  28 U.S.C. § 1332(a).  Defendant Stuber argues that attorney's fees are costs, so the court should apply the statute's plain language and excluded plaintiff's attorney's fees from the amount in controversy.  Mr. Stuber's argument is simply wrong.

The "law is now quite settled that the amount expended for attorney's fees is a part of the amount in controversy for jurisdiction purposes when they are provided for by contract[.]"  14B Arthur R. Miller, *Federal Practice and Procedure* § 3711 (5th ed. 2023); *see also Mortko v. Krueger*, No. 22-2176-JWB, 2022 WL 4130835, at *3 (D. Kan. Sept. 12, 2022) ("When attorney's fees are sought pursuant to a contractual provision, as is the case here, the requested fees are properly included in the amount in controversy.").  The court often requires "expert affidavits or other evidence to establish the likely amount of attorney's fees[.]"  *Mortko*, 2022 WL 4130835, at *3.  But the parties also can establish the likely amount of attorney's fees in the

4

complaint.  *Id.* (finding removing defendant had made sufficient amount in controversy showing, including attorney's fees, from petition's allegations).

Here, plaintiff's First Amended Complaint alleges plaintiff "is entitled, per the terms of the Note and Mortgage, to recover its attorney's fees incurred in this and prior actions to enforce the terms of the Note and Mortgage."  Doc. 15 at 6 (1st Am. Compl. ¶ 20).  Indeed, plaintiff attached the mortgage to its First Amended Complaint.  *See* Doc. 15-2 (1st Am. Compl. Ex. B).  The mortgage provides, "If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph . . . including, but not limited to reasonable attorneys' fees[.]"  *Id.* at 6 (1st Am. Compl. Ex. B).  So, plaintiff is entitled to recover its attorney's fees under a contract, and the court properly can consider the amount of fees when calculating the amount in controversy.

Now the amount of the fees:  Plaintiff alleges it "has incurred more than $10,000 attorney's fees in this matter . . . and expects to incur, at a minimum, an additional $10,000–20,000 in attorney's fees in the prosecution and defense of this action[.]"  Doc. 15 at 6 (1st Am. Compl. ¶ 20).  To support these amounts, plaintiff submitted an affidavit from its attorney.  Doc. 19-1 (Nichols Decl.).  Plaintiff's attorney provided that, to date, plaintiff has incurred $11,448.10 in attorney's fees.  *Id.* at 1 (Nichols Decl. ¶ 4).  Based on his litigation experience, plaintiff's attorney also "anticipate[s] that the absolute minimum amount of additional fees that would be required to prosecute and defend Plaintiff in this case is at least $20,000[.]"  *Id.* (Nichols Decl. ¶ 5).  Plaintiff thus has established a likely amount of attorney's fees of $20,000.  The $20,000 in

attorney's fees and the $59,981.21 in remaining principal, added together, put plaintiff over the $75,000 amount in controversy requirement for diversity jurisdiction.[2]

## IV.       Conclusion

The court thus denies defendant Stuber's Motion to Dismiss for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Stuber's Motion to Dismiss Plaintiff PHH Mortgage's First Amended Complaint (Doc. 18) is denied.

**IT IS SO ORDERED.**

**Dated this 29th day of March, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[2]       Defendant Stuber devotes part of his Motion to Dismiss to the parties' prior litigation history. He asserts that plaintiff's predecessor in interest did not have a right to foreclose on his property in 2018. Doc. 18 at 4. Plaintiff calls this a merits-based attack, but the court construes it as another attack on the amount in controversy. Defendant Stuber asserts that this allegedly improper foreclosure "goes to the point of whether or not PHH is entitled to any attorney fees as they most assuredly are not if they filed a wrongful foreclosure in the first place." *Id.* The court rejects this argument. The question for purposes of the court's amount in controversy analysis is whether a contract entitles plaintiff to recover its attorney's fees. The court need not consider prior litigation.