**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PHH MORTGAGE CORPORATION,

                  **Plaintiff,**

v.

JOSEPH SCOTT STUBER, et al.

                  **Defendants.**

            **Case No. 23-1123-DDC**

## MEMORANDUM AND ORDER

Plaintiff PHH Mortgage Corporation is set to try its claim against defendant Joseph Scott Stuber[1] before a jury. In the run up to trial, the parties have filed a flurry of motions. To aid the parties' preparation, the court issues this Memorandum and Order, deciding many of the pending pretrial motions.

The court starts its work by interpreting the scope of the Pretrial Order (Doc. 45). It then addresses Stuber's recently filed Motion to Clarify (Doc. 97). Finally, the court issues rulings on the 16 pending motions in limine (a staggering number of motions in a trial slated to last two to three days).[2]

---

[1]     Because Stuber represents himself, the court construes his filings liberally but won't serve as his advocate. *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).

[2]     Litigants should include all motions in limine in a single filing, including separate sections as necessary to articulate the various relief sought. Filing 15 separate motions in limine, as plaintiff has done here, unnecessarily complicates the docket. Litigants also should refrain from filing motions in limine that simply ask the court to enforce the Federal Rules of Evidence against an adversary. *See Kimzey v. Diversified Servs., Inc.*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) ("Courts look with disfavor on motions in limine the gist of which is that the opposing party should be required to comply with the rules of evidence without identifying specific evidence which there is reason to believe may be introduced." (quotation cleaned up)).

## I.      Scope of Pretrial Order

Because much of the parties' pending disputes center on the scope of the Pretrial Order (Doc. 45), the court begins its work there.

Start with the governing law. A pretrial order "supersedes the pleadings and controls the subsequent course of litigation." *Burke v. Regalado*, 935 F.3d 960, 1005 (10th Cir. 2019) (quotation cleaned up). Courts liberally construe pretrial orders "to cover any of the legal or factual theories that might be embraced by its language." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1220 (10th Cir. 2000) (quotation cleaned up). But liberal construction only goes so far. As our Circuit has explained, "claims, issues, defenses, or theories of damages not included in the pretrial order are waived[.]" *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002). In other words, "if a claim is omitted from the pretrial order, that claim is 'not part of the case before the district court.'" *Azim v. Tortoise Capital Advisors, LLC*, 718 F. App'x 600, 603 (10th Cir. 2017) (quoting *Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1192 (10th Cir. 1998)). This rule applies equally to pro se litigants. *See id.* at 604 (explaining that it was a pro se litigant's "responsibility to state" his claims in the pretrial order "and not rely on the district court to propose potential claims on his behalf").

The court now applies these principles to the parties' disagreements, dividing its analysis into two buckets: Stuber's claims and his KCPA affirmative defense.

### A.      Stuber's Claims

As the court explained at the status conference, Doc. 96, Stuber cannot recover damages in this trial. That is, under no circumstances will this action result in a judgment awarding Stuber damages from plaintiff. Here's why:

Stuber hasn't preserved any viable claims for relief in the Pretrial Order. *See generally* Doc. 45. Section four of the Pretrial Order, titled "Legal Claims and Defenses," doesn't list any

2

claims for Stuber. *Id.* at 10–11 (PTO ¶ 4). Instead, it lists two defenses for Stuber. *Id.* One asserts that "plaintiff should be estopped from foreclosing by virtue of its inequitable conduct" and the other asserts that "plaintiff should be barred from a judgment" for a litany of reasons. *Id.* Stuber plainly failed to advance any affirmative claim for relief in the Pretrial Order. He may not conjure one up on the eve of trial. *E.g.*, *Wilson*, 303 F.3d at 1215 (explaining that "claims, issues, defenses, or theories of damages not included in the pretrial order are waived").

The "Damages" portion of the Pretrial Order further confirms that Stuber may not pursue an affirmative claim at trial. *Id.* at 11–12 (PTO ¶ 5). There, Stuber asks the court to enter judgment against plaintiff and to award Stuber "attorney fees, other expenses incurred by Stuber in the process of defending this action, and any other relief as the Court shall deem just and proper." *Id.* This section goes on to catalog Stuber's various expenses and time he has expended defending this action. *Id.* at 12. And it cites Title 28 U.S.C. § 1332(b) as the basis for Stuber to recover costs and attorney fees. *Id.* But this part of the Pretrial Order never asserts that Stuber has an affirmative claim for relief under the Kansas Consumer Production Act (KCPA), the Real Estate Settlement Procedures Act (RESPA), or any other law. Stuber can't ambush plaintiff with new claims that he never forecasted—and never preserved—in the Pretrial Order.

Resisting this outcome, Stuber asks the court to permit him to present evidence of "compensatory damages" to the jury based on breach of contract. Doc. 97 at 4–9. Stuber's argument manifests his grave misunderstanding of the governing procedural law. "In the absence of a viable claim," a party "is not entitled to seek damages[.]" *Hernandez v. Ellins*, 297 F. Supp. 3d 1211, 1220 (D.N.M. 2018). As the court already has explained, Stuber hasn't preserved a breach-of-contract claim (or any other claim) in the Pretrial Order.

3

Finally, the court notes that the Pretrial Order contains a passing reference to the Real Estate Settlement Procedures Act.  Doc. 45 at 5 (PTO ¶ 3.b.).  Stuber's trial brief suggests that he intends to prosecute a full-fledged RESPA claim.  Doc. 68 at 7–8.  But the lone and bare reference to this statute in Stuber's factual contentions in the Pretrial Order can't suffice to preserve this claim for trial.  *See Boliere v. Robert Brogden's Olathe Buick-GMC Inc.*, 706 F. Supp. 3d 1275, 1295 n.24 (D. Kan. 2023) (mentioning a statute one time in a pretrial order is insufficient to preserve a claim for trial).  Once more, Stuber didn't include any reference to RESPA in either the "Legal Claims and Defenses" or "Damages" sections of the Pretrial Order.

To summarize, Stuber hasn't preserved any affirmative claim for relief.  There is just no universe where this action will produce a judgment awarding Stuber damages.

The court reaches a different result on Stuber's KCPA affirmative defense, an issue the court tackles next.  In stark contrast to Stuber's fleeting RESPA reference, Stuber's KCPA affirmative defense finds explicit expression in and echoes throughout the Pretrial Order—in substance if not in name.

## B.    KCPA Affirmative Defense

A brief primer on the procedural backdrop here:  Stuber initially asserted a Counterclaim, alleging that plaintiff violated the KCPA.  Doc. 21 at 3–12.  Plaintiff moved to dismiss this claim on statute-of-limitations grounds, Doc. 23, a motion the court granted in part and denied in part, Doc. 42.  The court agreed that the statute of limitations barred Stuber from asserting an "affirmative KCPA Counterclaim," but it concluded that plaintiff could advance "his KCPA Counterclaim as a pure defense or setoff[.]"  *Id.* at 16–17.  Now, plaintiff asks the court to exclude any reference to this defense because it's not in the Pretrial Order.  Doc. 89 at 2–3.  The court sees things differently.

4

The Pretrial Order, while far from clear, adequately preserves Stuber's KCPA defense. Recall that Stuber gets the benefit of a friendly standard; the court liberally construes the Pretrial Order "to cover any of the legal or factual theories that might be embraced by its language." *Koch*, 203 F.3d at 1220 (quotation cleaned up). Most significantly, the Pretrial Order references and cites the court's holding that Stuber's KCPA claim "survives as a pure defense in this case." Doc. 45 at 7 (PTO ¶ 3.b.vi.) (citing Doc. 42 at 21). Liberally construed, this reference delivered notice to plaintiff that Stuber intended to use the KCPA as an offset or pure defense at trial.

Plaintiff never acknowledges this portion of the Pretrial Order, instead emphasizing that the section of the Pretrial Order listing Stuber's defenses "plainly shows that he made no reference or allusion to the KCPA." Doc. 89 at 2 n.1. True enough, the section of the Pretrial Order titled "Stuber's Defenses" doesn't list the KCPA expressly. Doc. 45 at 10–11 (PTO ¶ 4.b.i.). But that section does allege that plaintiff "should be estopped from foreclosing by virtue of its . . . misrepresentations as to the amount due, and its refusal to accept payments unless they were in the amount plaintiff wrongly claimed to be due." *Id.* at 10 (PTO ¶ 4.b.i.). It also accuses plaintiff of "material breaches resulting from failure to follow the law" and "failure to accurately report amounts due and owing[.]" *Id.* at 10–11 (PTO ¶ 4.b.ii.). Combined with Stuber's factual allegations—which expressly reference the KCPA and the court's prior Order—this language, liberally construed, "might . . . embrace[]" the legal theory Stuber now seeks to advance at trial. *Koch*, 203 F.3d at 1220 (quotation cleaned up).

One final point shores up this conclusion. Our Circuit has instructed courts to resort to context when interpreting ambiguous pretrial orders. *See Wilson*, 303 F.3d at 1216. Broader context in this litigation supports the court's construction. Stuber pleaded a KCPA Counterclaim, which largely tracks the allegations included in his Pretrial Order defenses—*i.e.*,

plaintiff acted deceptively by misrepresenting what he owed and wrongfully tried to foreclose on his property. *See generally* Doc. 21; *cf. Wilson*, 303 F.3d at 1216 (holding that ambiguous pretrial order didn't include claim where, among other issues, it wasn't mentioned in the complaint, answer, or pretrial order statement of the case). The court then allowed that claim to survive solely as a defense, and the Pretrial Order references the KCPA and the court's ruling. Taken together, these points support the conclusion that the Pretrial Order adequately preserved Stuber's KCPA defense.

This ruling doesn't mean that this is a "anything goes" trial. Stuber's factual contentions and defenses in the Pretrial Order still constrain the scope of any KCPA defense he might present. In particular, Stuber has preserved factual theories based on plaintiff: inaccurately reporting the amount Stuber owed; wrongfully purchasing insurance on Stuber's condo; wrongfully trying to foreclose; and misapplying payments to an escrow account. Doc. 45 at 5–9 (PTO ¶ 3.b.).

Now, finished with its task of interpreting the Pretrial Order, the court turns to the parties' pending motions, starting with Stuber's Motion to Clarify.

## II.        Stuber's Motion to Clarify (Doc. 97)

Stuber has filed a Motion to Clarify (Doc. 97). His motion asks the court to rule that (1) several of his exhibits—ones listing damages Stuber has incurred defending against plaintiff's various foreclosure attempts—are admissible "as compensatory damages evidence arising from PHH's breach of the mortgage contract"; and (2) the jury should "determine the amount of compensatory damages" resulting from plaintiff's breach if the jury concludes that plaintiff doesn't have a right to foreclose. *Id.* at 8–9. The court denies the motion.

Yet again, Stuber hasn't preserved any breach-of-contract claim. So, he may not present evidence for the purpose of proving compensatory damages he suffered from plaintiff breaching

6

the mortgage agreement.  This ruling doesn't mean that this evidence isn't admissible to prove

some other fact of consequence at trial.  But the court declines to bless the admissibility of this

evidence before trial—especially when Stuber's only articulated theory of relevance won't fly.[3]

The court also denies Stuber's second request for relief.  The court won't instruct the jury

to determine any compensatory damages caused by plaintiff's alleged breach.  If the jury

determines that Stuber didn't default or that some defense excuses Stuber's default, the jury's

work will conclude.  At the risk of sounding like the proverbial broken record—an allusion likely

outdated by advances in audio technology—the court emphasizes yet again that Stuber cannot

recover a judgment against plaintiff in this case.[4]

## III.        Motions in Limine[5]

The court offers the following rulings on the parties' motions in limine.  The court

cautions the parties that these rulings are contingent and subject to change based on the

presentation of evidence at trial.  *See Luce v. United States*, 469 U.S. 38, 41 (1984) (explaining

---

[3]        Stuber's reply brief clarifies that he's not sure whether he may present evidence of "compensatory damages associated with" his KCPA affirmative defense.  Doc. 106 at 1.  The court declines to furnish Stuber legal advice in the absence of a legal controversy between the parties.  But, the court clarifies, no ruling in this case has held that Stuber may not present evidence of damages associated with his KCPA defense.  And the verdict form likely will include a spot for the jury to decide damages associated with Stuber's KCPA defense, should he prevail on it.  None of that is to say that Stuber can *recover* damages—that is, he can't secure a judgment against plaintiff that he could monetize.  But, to the extent that Stuber seeks to use his KCPA defense as a setoff against plaintiff's claims against him, he will need to prove a value of that setoff.

[4]        This ruling leaves for another day whether Stuber might recover costs or attorney fees under Fed. R. Civ. P. 54.  Even supposing Stuber could recover such costs or fees, the issue isn't one for the jury.  *See* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.").

[5]        The Trial Order required parties to respond to motions in limine by July 6, 2026.  Doc. 71 at 4. Stuber failed to submit any response to plaintiff's myriad motions in limine.  The court thus considers these motions unopposed.  *See* D. Kan. Rule 7.1(c) ("If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice.").

that in limine rulings are "subject to change when the case unfolds . . . .  Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of judicial discretion, to alter a previous *in limine* ruling.").

| Motion | Result | Explanation |
|---|---|---|
| Stuber requests pretrial admission of a consent judgment plaintiff's predecessor entered with the CFPB.  Doc. 72 at 1–3. | **Denied**, without prejudice to reraising at trial. | The court declines to admit exhibits pretrial.  *See, e.g.*, *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided.").  Without prejudging the issue, the court is skeptical that this consent judgment is relevant.  And even if it is relevant, the court is skeptical that it clears Rule 403. |
| Stuber asks the court to exclude any reference to the court dismissing his KCPA counterclaim. Doc. 72 at 3–4. | **Granted.** | Plaintiff does not oppose this request, Doc. 99 at 9, and the court thus grants it. |
| Stuber asks the court to admit his mortgage account statements, escrow analyses, and Ocwen's business records. Doc. 72 at 4–5. | **Denied**, without prejudice to reraising at trial. | The court declines to admit these exhibits pretrial. |
| Plaintiff asks the court to exclude partial or incomplete documents at trial.  Doc. 76. | **Denied**, as moot. | The court intends to follow the Federal Rules of Evidence at trial, including Rule 106.  A pretrial ruling reminding the parties about the Rules of Evidence is unnecessary. |
| Plaintiff asks the court to prohibit Stuber from making "David vs. Goliath" arguments.  Doc. 77. | **Granted**, in part; **denied**, in part. | The court directs the parties to refrain from making "David vs. Goliath" arguments.  Such arguments are either irrelevant or unduly prejudicial.  The court denies, without prejudice, plaintiff's request to forbid Stuber from arguing that plaintiff is financially motivated. |

| Plaintiff asks the court to exclude any reference to other lawsuits. Doc. 78. | **Denied**, without prejudice to reraising at trial. | The court declines to prejudge the issue of the consent judgment and will determine the admissibility of that document at trial. Stuber's Revised Exhibit List (Doc. 92) doesn't include a judicial opinion included on his original exhibit list, so plaintiff's request to exclude that item is moot. Finally, the court declines to issue a pretrial order excluding evidence from plaintiff's previous foreclosure efforts. Such evidence might serve a relevant and intrinsic purpose to Stuber's defenses. |
|---|---|---|
| Plaintiff asks the court to prohibit Stuber from testifying as an expert. Doc. 79. | **Denied**, as moot. | The court intends to follow the Federal Rules of Evidence at trial, including Rules 602, 701, and 702. A pretrial ruling reminding the parties about the Rules of Evidence is unnecessary. |
| Plaintiff asks the court to prohibit Stuber from mentioning to the jury that he intends to file a future suit against plaintiff. Doc. 80. | **Granted.** | References to future lawsuits are irrelevant and likely to create prejudice and confusion. Under Rules 401 and 403, the court directs the parties to refrain from arguing that they might file future lawsuits against each other. |
| Plaintiff asks the court to prohibit Stuber from making golden-rule arguments. Doc. 81. | **Granted.** | The parties may not invite the jury to put itself in their positions. *See Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984) ("We note that a Golden Rule appeal is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." (quotation cleaned up)). |
| Plaintiff asks the court to prohibit Stuber from arguing about KCPA civil penalties and attorney fees to the jury. Doc. 82. | **Granted**, in part; **denied**, in part.[6] | Civil penalties under the KPCA are an issue for the court to decide. *See* Kan. Stat. Ann. § 50-636; *Harris v. Am. Gen. Fin., Inc.*, 259 F. App'x 107, 111 (10th Cir. 2007). The court will take up the issue of civil penalties (including whether they may serve as an offset) after trial. The court directs Stuber to refrain from presenting arguments about KCPA civil penalties or statutory damages to the jury. |

---

[6]    The court denies, without prejudice, plaintiff's request to exclude Stuber's evidence about time he spent and attorney fees he incurred defending foreclosure efforts before this one. It's true that under either federal law or Kansas law, pro se litigants ordinarily can't recover attorney fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *S.J.M. v. K.M.A.*, 572 P.3d 802, 2025 WL 2018495, at *2 (Kan. Ct. App. 2025). But, to the extent Stuber incurred attorney fees and spent time defending against plaintiff's allegedly deceptive practices, those fees and time spent might constitute "damages" under the KCPA. Kan. Stat. Ann. § 50-634(b). Without a clearer picture of how evidence will unfold at trial, the court declines to prohibit Stuber from presenting evidence about attorney fees and time he spent defending against plaintiff's allegedly deceptive practices.

| | | |
|---|---|---|
| Plaintiff asks the court to prohibit Stuber from referencing prior court rulings in this case.  Doc. 83. | **Granted.** | The court's rulings in this case are likely to confuse the jury.  The court thus excludes them under Rule 403 and directs the parties not to reference their contents to the jury. |
| Plaintiff asks the court to prohibit Stuber from referencing its prior foreclosure efforts.  Doc. 84. | **Denied**, without prejudice to reraising at trial. | Previous foreclosure efforts against the property at issue in this case appear intrinsic to plaintiff's case and relevant to Stuber's defenses.  At least at this pretrial posture, the court declines to prohibit references to this history. |
| Plaintiff asks the court to prohibit Stuber from presenting evidence or making arguments about a claim or defense under RESPA.  Doc. 85. | **Granted.** | As discussed above, *see* § I.A., Stuber has failed to preserve any claim or defense under RESPA.  The court thus directs him not to present any evidence or make any arguments suggesting plaintiff has violated this statute. |
| Plaintiff asks the court to prohibit evidence of settlement negotiations or agreements.  Doc. 86. | **Denied**, as moot. | The court intends to follow the Federal Rules of Evidence at trial, including Rule 408.  A pretrial ruling reminding the parties about the Rules of Evidence is unnecessary. |
| Plaintiff asks the court to prohibit Stuber from presenting exhibits that he hasn't disclosed.  Doc. 87. | **Denied**, without prejudice to reraising at trial. | The court intends to follow the Federal Rules of Civil Procedure at trial, including Rules 26 and 37.  The court likely will exclude evidence that the parties haven't disclosed to each other as these rules require but declines to make any ruling without more specific arguments before it. |
| Plaintiff asks for an order prohibiting "evidence or argument regarding the late 2000s mortgage crisis, subprime lending, alleged misconduct in the mortgage industry in general, and related topics."  Doc. 88. | **Granted.** | Generic evidence about historical banking practices and purported misconduct is irrelevant and prejudicial.  The court excludes this evidence under Rules 401 and 403. |
| Plaintiff asks the court to exclude Stuber's manufactured-default defense.  Doc. 89. | **Denied.** | Although the label of "manufactured default" defense is new, the Pretrial Order adequately preserves a defense based on plaintiff's "failure to correctly apply payments from the defendant" and "its refusal to accept payments unless they were in the amount plaintiff wrongly claimed to be due."  Doc. 45 at 10–11 (PTO ¶ 4.b.ii.).  The court has addressed plaintiff's arguments about the KCPA and RESPA previously in this Order. |

| Plaintiff asks the court to exclude Stuber from presenting evidence and argument about punitive damages.  Doc. 90. | **Granted.** | Without an affirmative claim for relief, Stuber may not recover punitive damages.  The court alternatively holds that Stuber has waived any request for punitive damages by failing to include it in the Pretrial Order. |
|---|---|---|

**IT IS THEREFORE ORDERED BY THE COURT THAT** Stuber's Motion in Limine (Doc. 72) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 76) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 77) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 78) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 79) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 80) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 81) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 82) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 83) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 84) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 85) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 86) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 87) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 88) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 89) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Limine (Doc. 90) is granted.

**IT IS FURTHER ORDERED THAT** Stuber's Motion to Clarify (Doc. 97) is denied.

**IT IS SO ORDERED.**

**Dated this 8th day of July, 2026, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**