## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PHH MORTGAGE CORPORATION,

                      **Plaintiff,**

v.

JOSEPH SCOTT STUBER, et al.,

                      **Defendants.**

**Case No. 23-1123-DDC**

## MEMORANDUM AND ORDER

Plaintiff PHH Mortgage Corporation has filed a Motion to Dismiss (Doc. 108), which asks the court to dismiss this case with prejudice under Fed. R. Civ. P. 41(a)(2). The court directed pro se[1] defendant Joseph Scott Stuber to respond. Doc. 109. Stuber complied, but only in the most technical sense of the word. Doc. 110. His Response cryptically "acknowledge[d]" plaintiff's filing but didn't state his position on the motion. *Id.* As this Order explains, the court grants plaintiff's motion and dismisses this case with prejudice.

"Rule 41(a)(2) requires a court to review a motion by a plaintiff to dismiss a complaint if the action has proceeded beyond service of an answer or of a motion for summary judgment, and there is not unanimous agreement among all parties supporting the dismissal." *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1047 (10th Cir. 2002). This rule seeks "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (quotation cleaned up). The Tenth Circuit has instructed courts considering a

---

[1] Because Stuber represents himself, the court construes his filings liberally but won't serve as his advocate. *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).

motion to dismiss like this one that "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Id.* (quotation cleaned up). To evaluate the prejudice to an opposing party, district courts consider the following factors: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* (quotation cleaned up).

These factors favor dismissal. Most significantly, Stuber faces no prejudice. He had no surviving claims for relief, Doc. 107 at 2–4, so dismissal of plaintiff's claim—with prejudice, no less—is the best result Stuber could have achieved. Plus, Stuber hasn't opposed the motion. His filings acknowledge plaintiff's motion but never express any opposition to them. *See* Doc. 110; Doc. 111 at 1 (Stuber "does not request any particular outcome on the Rule 41(a)(2) motion."). Stuber simply hasn't presented any argument for the court to deny plaintiff's motion. Nor can the court conceive one. The court thus grants plaintiff's Motion to Dismiss (Doc. 108). Per plaintiff's request, *id.* at 3, this dismissal is with prejudice. The court directs the Clerk of Court to enter Judgment consistent with this Order and consistent with its previous Memorandum and Order (Doc. 42), which dismissed Stuber's Counterclaim, *id.* at 21. The court also directs the Clerk of Court to close this case.

Also pending is Stuber's Motion to Expedite (Doc. 111), which asks the court to deliver an expedited ruling on plaintiff's Motion to Dismiss. The court denies this motion. The court has wide discretion to manage its docket. *Clark v. State Farm Mut. Auto Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009). And it declines Stuber's invitation to delegate that discretion to him. The court has reached plaintiff's pending motion in its ordinary course.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff PHH Mortgage Corporation's Motion to Dismiss (Doc. 108) is granted.  The court dismisses this action with prejudice.

**IT IS FURTHER ORDERED THAT** defendant Joseph Scott Stuber's Motion to Expedite (Doc. 111) is denied.

**IT IS FURTHER ORDERED THAT** the Clerk of Court enter Judgment consistent with this Order and with the court's previously entered Memorandum and Order (Doc. 42).  The court also directs the Clerk of Court to close this case.

**IT IS SO ORDERED.**

**Dated this 22nd day of July, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

3